IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY V ARRAYA<br><br>*Defendant.* | **UNDER SEAL**<br><br>Criminal No. 1:25-mj-295 |

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Shaman Douglass, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am an investigative and law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Titles 18, 21, and 26 of the United States Code.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives. I am assigned to a field office based in Northern Virginia. During my participation in law enforcement, I have conducted and assisted with arrests, search warrants, and court orders. I have investigated and assisted in investigations involving firearms, narcotics and other matters, which have resulted in arrests and convictions.

3. The facts and information contained in this Affidavit are based upon my training and experience, participation in investigations, personal knowledge and observations during the course of this investigation, as well as the observations, training, and experience of other agents

and law enforcement officers involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of records, documents, videos, and other evidence obtained during the course of this investigation.

4. Because this Affidavit is submitted for the limited purpose of obtaining a Complaint and Arrest Warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the issuance of the Complaint and Arrest Warrant.

5. I make this Affidavit in support of an application for a Criminal Complaint and Arrest Warrant for ANTHONY VINCENT ARRAYA. For the reasons set forth below, I submit that there is probable cause to believe that on or about February 28, 2025, in Fairfax County, Virginia, within the Eastern District of Virginia, ARRAYA possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, in violation of 18 U.S.C. § 924(c).

## **PROBABLE CAUSE**

6. Beginning on or about October 15, 2024, and continuing through February 10, 2025, ARRAYA sold narcotics (MDMA, marijuana, and psilocybin)[1] to a Fairfax County Police Department ("FCPD") detective who was acting in an undercover capacity ("UC").

7. Based on this investigation, the FCPD detective obtained a Virginia search warrant for ARRAYA's apartment in the Franconia area of Fairfax County, Virginia, within the Eastern District of Virginia.

---

[1] The Virginia Department of Forensic Science determined that the substances that ARRAYA distributed to the UC detective were, in fact, controlled substances.

8. On or about February 28, 2025, FCPD investigators executed the search warrant on ARRAYA's apartment. ARRAYA was the only one present at the residence and appeared to be the only one who lived at the residence.

9. ARRAYA's apartment had two bedrooms. The first contained a bed and appeared to be the area in which ARRAYA slept. Within this room, detectives located a nightstand (pictured below) that contained approximately $22,000. Included within this currency was cash that the undercover FCPD detective had provided to ARRAYA in exchange for narcotics.[2]




10. Attached to the nightstand, which held the approximately $22,000, was a gun safe (pictured below), which held a loaded Glock handgun (also pictured below).[3]




---

[2] The UC detective recorded the serial numbers on the bills used to purchase drugs from ARRAYA. Investigators then compared those known serial numbers with the seized bills.

[3] Based on my training and experience, I know that this Glock pistol is a firearm, as defined in 18 U.S.C. § 921, in that it "will or is designed to or may readily be converted to expel a projectile by the action of an explosive."

3

 

11.     The second bedroom contained materials related to the distribution of items, including scales, shipping labels, a vacuum sealer, and business notes on a whiteboard. Within this room, investigators also located quantities of narcotics consistent with distribution (MDMA, cocaine, marijuana, and psilocybin), along with a large gun safe, which contained multiple handguns and long guns. This room also contained a camera pointed through a window to the outside.

  

12. Based on my training and experience, I know that drug distributors possess firearms to facilitate their drug crimes. Specifically, distributors often possess firearms to protect large amount of cash obtained from the sale of narcotics and the narcotics themselves.[4]

## CONCLUSION

13. Based on the foregoing, I submit that there is probable cause to believe that on or about February 28, 2025, in Fairfax County, Virginia, within the Eastern District of Virginia, ARRAYA possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States,[5] in violation of 18 U.S.C. § 924(c).

Respectfully submitted,

SHAMAN DOUGLASS
Digitally signed by SHAMAN DOUGLASS
Date: 2025.05.14 12:28:58 -04'00'

Shaman Douglass
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Attested to by the applicant in accordance
with the requirements of Fed. R. Crim. P. 4.1
by telephone on May 16, 2025.

The Honorable William B. Porter
United States Magistrate Judge
Alexandria, Virginia

---

[4] It was unlawful for ARRAYA to possess firearms, as he had been previously convicted of Carjacking, in violation of Va. Code § 18.2-58.1, in 2008 in the Circuit Court for Fairfax County.

[5] It is unlawful under 21 U.S.C. § 841(a)(1) and (2) for an individual to distribute narcotics and possess narcotics with the intent to distribute them.